

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. F. Peden
County Attorney
Matagorda County
Bay City, Texas

Dear Sir:

Opinion No. O-3787
Re: Terms of office of
Collegeport Rural High
School District Trustees
and related questions.

We received your letter dated July 16, 1941,
which we quote as follows:

"A Rural High School District which was
created under a statute which applies to Dis-
tricts of 100 square miles or less (Art. 2922e)
actually has 140 square miles. Would the
validating statutes bring the District within
the provisions of the statute which applies to
Rural High Schools of more than 100 square miles
(Art. 2774a Sec. 4).

"You will find enclosed briefs submitted by
Mr. C. A. Erickson and by Mr. J. E. Davant of
Bay City."

From reading the two briefs which you enclosed in
your letter it appears that you wish to know whether or not
the trustees of the Collegeport Rural High School District
shall serve two year terms or three year terms and whether
all of said trustees shall be elected from the school dis-
trict at large or whether each elementary district within
said rural high school district must be the residence of
at least one of the trustees.

As we understand the facts, the Collegeport Rural

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. F. Peden, Page 2

High School District was formed in the year 1931. Said district was formed as a district including less than one hundred square miles of territory. At the time said district was formed, and at all times since, it seems that said district actually included more than one hundred square miles of territory.

Article 2922c, Vernon's Annotated Civil Statutes, enacted in 1925, reads as follows:

"No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than seven elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose; and provided further, that the said board of county school trustees may form a rural high school district containing more than seven elementary districts upon a vote of a majority of the qualified voters in each of the elementary districts within such proposed rural high school district."

Article 2922e, Vernon's Annotated Civil Statutes, enacted in 1925, reads as follows:

"The control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees, elected by the qualified voters of the said district at large, who shall be elected and serve in accordance with the provisions of General Law relative to common school districts, except as may be otherwise provided herein; and provided that such elementary district included in such rural high school district must be the residence of at least one member of said board. Any vacancy shall be filled for the unexpired term by appointment by the county board of trustees. Provided that for a rural high school district formed with more than one hundred square miles of territory, or containing more than seven elementary districts, as provided in this Act, the board of trustees, as herein provided for,

Honorable R. F. Peden, Page 3

shall be elected from the district at large.
Should any rural high school district fail to
elect a trustee or trustees as provided for in
this Act, the county board of trustees shall
appoint said trustee or trustees. Four of said
trustees shall be elected each odd number of years
and three on each even number of years on the first
Saturday in April. The trustees of the first board
shall draw for terms. In the event a rural high
school district is created subsequent to the date
for the election of trustees of common school
districts, as provided by General Law, it shall
be the duty of the county board to appoint a board
of trustees for the district, as prescribed herein,
to serve until the next date for the election of
common school district trustees. In the election of
rural high school district trustees, at least one
voting box shall be provided in each elementary dis-
trict composing the high school district.

"The present board of trustees of all ele-
mentary school districts which may be included
within a rural high school district, as herein pro-
vided, shall continue in control of their respective
districts until the close of the current scholastic
year, but they shall make no contract effecting the
expenditure of any school funds subsequent to Sep-
tember 1, 1925, nor shall they have any other
authority in the management and control of the
schools of the said districts after September 1,
1925. The boards of trustees of rural high school
districts shall immediately upon their election
and organization proceed to make contracts for the
operation of all schools under their control. The
first board of trustees herein provided for shall
be elected on the first Saturday in April, 1925,
and annually thereafter an election shall be held
as provided for by law for holding trustee elec-
tions in common school districts."

Section 4 of Article 2774a, Vernon's Annotated Civil
Statutes, enacted in 1930, reads as follows:

"The control and management of the schools of
a rural high school district, established under
the provisions of this Act, shall be vested in a
board of seven trustees, elected by the qualified

Honorable R. F. Peden, Page 4

voters of the said district at large, who shall
be elected and serve in accordance with the
provisions of general law relative to common school
districts except as may be otherwise provided
herein; and provided that each of the original
districts included in such rural high school dis-
trict must be the residence of at least one member
of said board. Provided, that for a rural high
school district formed with more than one hundred
square miles of territory, or embracing more than
seven districts, the board of trustees, as herein
provided for, shall be elected from the district
at large. Should any rural high school district fail
to elect a trustee or trustees as provided for in
this Act, the county board of trustees shall appoint
said trustee or trustees. Those elected at the first
election shall determine by lot the term for which
they are to serve. The three members drawing numbers
one, two and three shall serve for one year, the
two members drawing numbers four and five shall serve
for two years and the two members drawing numbers six
and seven shall serve for three years, or until their
successors are elected and qualified; and regularly
thereafter on the first Saturday in April of each
year three trustees or two trustees shall be elected
for a term of three years to succeed the trustees
whose term shall at that time expire. The members
of the board remaining after a vacancy shall fill
the same for the unexpired term."

The Collegeport Rural High School District, al-
though actually containing more than one hundred square miles of
territory, was not formed upon a vote of a majority of the
qualified voters of that district as required by Article 2922e.
However this defect in the formation thereof was cured by a
validating act passed by the Legislature in 1935 and codified
in Vernon's Annotated Civil Statutes as Article 2815g-3. It
is our opinion that this validating act validates the College-
port Rural High School District as a district including more
than one hundred square miles of territory.

Since Article 2774a, supra, was enacted some five
years subsequent to Article 2922e, supra, it follows that
as to any conflicts therein, the provisions of Article
2774a, supra, will control. Further, we wish to point
out that Section 4 of Article 2774a, supra, was enacted by
the Legislature before the Collegeport Rural High School
District was formed.

Honorable R. F. Peden, Page 5


It is our opinion that the trustees of the Collegeport Rural High School District should be elected for three year terms in the manner provided in said Article 2774a. In this connection, see Clark v. Wornell et al, 65 S. W. (2d) 350. Based upon the same Article, we conclude that all of the trustees of the Collegeport Rural High School District should be elected from that district at large rather than from the respective elementary districts within said rural high school district.

We trust that we have satisfactorily answered your inquiry.

APPROVED AUG 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

LS:fs

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lee Shoptaw*

Lee Shoptaw
Assistant



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN